Clayton Haggerty, Defendant in Error, v. Sans Souci Skating Rink Company, Plaintiff in Error.

### Gen. No. 14,745.

MUNICIPAL COURT—*when sufficiency of evidence saved for review.* If the record shows that the motion for a new trial was made, the absence of such showing in the bill of exceptions is immaterial and the question of the sufficiency of the evidence is saved for review.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. A. E. BERGLAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed December 21, 1909.

NOVAK & POLLACK, for plaintiff in error.

EDWARD J. GREEN and CHARLES C. SPENCER, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

An action was brought in the Municipal Court of Chicago by the defendant in error, Clayton Haggerty, hereinafter called the plaintiff, against the plaintiff in error, Sans Souci Skating Rink Company, hereinafter called the defendant, to recover damages for an injury sustained by plaintiff on September 7, 1907.

It was charged by the plaintiff that while he was in the skating rink of the defendant, to which he had been admitted for a reward paid by him to defendant,

a servant of defendant, while acting within the scope of his employment in the management and control of the skating rink, negligently ran and skated against the plaintiff, throwing him down and breaking his leg.

A trial by jury resulted in a verdict and judgment in favor of the plaintiff for $835.50, to reverse which this writ of error is prosecuted.

Numerous errors are assigned on the record, but counsel for defendant, as he states in his brief, relies especially on assignments of errors number one, which is that the court erred in admitting improper evidence offered on behalf of the plaintiff, and number seven, which is that the court below erred in over-ruling the motion in arrest of judgment interposed by the defendant.

The argument on behalf of the defendant below proceeds, however, mainly upon the question of the sufficiency of the evidence to sustain the verdict.

It is urged by the plaintiff's counsel that this question is not properly before the court on this writ of error, inasmuch as the record does not show that the defendant made a motion for a new trial in the court below. We think, however, that the record shows that a motion for a new trial was made, and that it is sufficient, under the provisions of the Municipal Court Act, to bring before us the question of the sufficiency of the evidence, although it does not appear in the bill of exceptions in the case that such a motion was made.

The real question in the case, and upon which it must turn in this court, is the question of the sufficiency of the evidence to sustain the verdict.

The evidence shows that on September 7, 1907, the plaintiff went to the skating rink of defendant to skate upon roller skates, paid the defendant an entrance fee to the rink and also paid for the use of a pair of skates. The plaintiff at that time was an experienced skater, having used roller skates for about twelve years, and having skated at the rink of the defendant

six or seven times in the two or three months immediately preceding the time of the accident.

The testimony upon the question of negligence is confined to that of Haggerty, the plaintiff, and the witness Plain on behalf of the defendant. There is a sharp conflict in the evidence between these two witnesses. Haggerty testifies positively that he was skating slowly and with due care on that portion of the skating rink allotted to skaters, and that suddenly Plain, while in the discharge of his duties and while apparently executing some fancy skating, ran against him and caused the injury for which the action was brought. On the other hand Plain testifies that he observed Haggerty skating in the rink on the evening in question, and that he was apparently staggering and uncertain in his movements, and that he observed him fall when Plain was several feet from him without any cause so far as Plain could discover. Plain admits that he was in the exercise of his duties on the occasion, and states that he performed his fancy skating in the center of the rink where there were no skaters.

The other testimony in the case throws no light upon the question of negligence.

The jury upon hearing the testimony and arguments, and guided by the instructions of the court, found in favor of the plaintiff upon the issues in the case.

Where the evidence conflicts, as it does in this case, and where there is no clear and obvious ground recognized by law for reversing the judgment, we do not think we have any authority to substitute the judgment of this court for that of the jury. The evidence on the part of the plaintiff tends to support the issues in the case. That on the part of the defendant tends to show that the defendant was not guilty of the negligence charged. Upon this state of the record we cannot disturb the verdict.

The judgment of the court below is affirmed.

*Affirmed.*